UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BILLY R. BOWLING,

    Plaintiff,

v.                                            Case No. 1:11-cv-598-HJW

CSX TRANSPORTATION, INC.,

    Defendant.

### ORDER

Pending is the plaintiff's "Motion for Partial Summary Judgment" (doc. no. 15), which defendant ("CSX") opposes. Plaintiff has filed "Proposed Findings of Fact and Conclusions of Law," which CSX has highlighted as true, false, or irrelevant (doc. no. 26-1). CSX has also supplemented the proposed findings with its own suggested language. Having fully considered the record, including the pleadings, the parties' briefs, proposed findings, and applicable authority, the Court will grant the motion for the following reasons:

**I. Background and Procedural History**

The following facts are undisputed (doc. no. 26-1, ¶¶ 1-25). In 2010, plaintiff Billy Bowling was employed by CSX as locomotive engineer. On the morning of April 15, 2010, he reported to work at approximately 2:20 a.m. He was assigned to operate a locomotive taking a train from Lima, Ohio to Queensgate Yard in

Cincinnati, Ohio, and then on to Louisville, Kentucky. Plaintiff and the conductor Mark Christopher boarded the lead locomotive ("CSXT 5445") in Lima. Plaintiff indicates that he inspected his seat, i.e. he looked at it to make sure it was not defective. Plaintiff indicates he may have tugged on it "here and there" to check it. Plaintiff indicates that the engineer's chair did not appear to be broken when he inspected it.

The locomotive, with Bowling and Christopher on board, then proceeded toward Cincinnati. While en route, plaintiff briefly stopped the locomotive in Stony Brook, Ohio, to let another train pass. While idling, plaintiff sat in the engineer's chair and lifted up the lever to "relax it back." He heard a popping or cracking sound. The back of the chair broke off from the seat frame at both pivot points, causing plaintiff to fall backwards onto the floor. Plaintiff alleges he sustained physical injuries, including a back injury, in this incident. The conductor witnessed the incident from his own seat, which was adjacent to plaintiff's seat. After the incident, plaintiff found two broken bolts from the seat frame on the floor.

Plaintiff immediately reported the incident and injury to CSX Trainmaster Doug Speaks by cell phone. Plaintiff received permission to continue bringing the train to Queensgate Yard. Upon arrival, he completed an injury report, and CSX assigned a team to investigate. CSX Machinist Christopher Fromme inspected the seat, frame, and bolts, while CSX Road Foreman of Engines Angelo Cassaro photographed them. CSX Trainmaster Dennis Henson helped prepare the team's report, which indicated that they had found that the seat back had broken off and that the bolts that held it to the seat base had sheered off and were lying on the

floor of the cab.

On August 29, 2011, plaintiff filed this action under the Federal Employers Liability Act ("FELA"), 45 U.S.C. § 51, et seq., alleging that CSX violated the Locomotive Inspection Act ("LIA"), 49 U.S.C. § 20701 et. seq., and several federal regulations, 49 C.F.R. §§ 229.45 and 119. Plaintiff's complaint asserts three counts under FELA based on: 1) negligence (Count I), 2) "strict liability" for violation of LIA (Count II), and 3) "strict liability" for violation of the federal regulations (Count III). Plaintiff demands a jury trial and seeks $2,000,000.00 in compensatory damages and other relief.

After discovery, plaintiff filed a motion for partial summary judgment as to "liability." In support of its motion, plaintiff relies on evidence, including a photograph of the seat and the deposition testimony of plaintiff, conductor Mark Christopher, and the members of the CSX investigation team (doc. no. 15, attached exhibits). CSX opposes the motion. Plaintiff initially failed to comply with this Court's prior Order (doc. no. 11) requiring parties to file proposed findings of fact and conclusions of law. The Court gave plaintiff additional time until December 17, 2012 to comply, and plaintiff subsequently filed the proposed findings (doc. no. 22). CSX timely filed its highlighted version on January 15, 2013 (doc. no. 26-1), along with its own supplemental proposed findings (doc. no. 26). Plaintiff filed a reply. This matter is now ripe for consideration.

**II. Standard of Review**

Rule 56(a) of the Federal Rules of Civil provides in relevant part that:

> A party may move for summary judgment, identifying

Page 3 of 11

> each claim or defense or the part of each claim or defense on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a).

Under Rule 56, the moving party bears the burden of proving that no genuine dispute of material fact exists. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (l986). The court must construe the evidence and draw all reasonable inferences in favor of the nonmoving party. Id. at 587.

The movant bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The main purpose of the summary judgment rule is "to isolate and dispose of factually unsupported claims." Id. at 323-33.

Once the movant meets this burden, the opposing party "must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). The opposing party "need only present evidence from which a jury might return a verdict in his favor" in order to establish a genuine dispute as to a material fact. Id. at 257. The court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52. In doing so, the United States Supreme Court has explained that

courts must distinguish between evidence of disputed material facts and mere "disputed matters of professional judgment," i.e. disagreement as to legal implications of those facts. Beard v. Banks, 548 U.S. 521, 529 30 (2006).

### III. Relevant Law

FELA provides in relevant part:

> Every common carrier by railroad while engaging in commerce ... shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce ... for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment.

45 U.S.C. § 51.

Additional statutes, such as the LIA, supplement FELA. LIA provides:

> A railroad carrier may use or allow to be used a locomotive or tender on its railroad line only when the locomotive or tender and its parts and appurtenances—
>
> (1) are in proper condition and safe to operate without unnecessary danger of personal injury;
> (2) have been inspected as required under this chapter and regulations prescribed by the Secretary of Transportation under this chapter; and
> (3) can withstand every test prescribed by the Secretary under this chapter.

49 U.S.C. § 20701.

The federal regulations regarding safety requirements are set forth at 49 C.F.R. §§ 229.1-229.139. Two specific regulations are at issue here, 49 C.F.R. §§ 229.45 and 119. The first regulation provides:

> **All systems and components on a locomotive shall be free of conditions that endanger the safety of the crew, locomotive or train. These conditions include: insecure attachment of components, including third rail shoes or beams, traction motors and motor gear cases, and fuel tanks; fuel, oil, water, steam, and other leaks and accumulations of oil on electrical equipment that create a personal injury hazard; improper functioning of components, including slack adjusters, pantograph operating cylinders, circuit breakers, contactors, relays, switches, and fuses; and cracks, breaks, excessive wear and other structural infirmities of components, including quill drives, axles, gears, pinions, pantograph shoes and horns, third rail beams, traction motor gear cases, and fuel tanks.**

49 C.F.R. § 229.45.

The second regulation cited by plaintiff succinctly requires that "[c]ab seats shall be securely mounted and braced." 49 C.F.R. § 229.119(a).

## IV. Discussion

Based on the same incident, plaintiff seeks to recover under FELA for "negligence" (Count I), "strict liability" for violation of the LIA (Count II), and/or "strict liability" for violation of safety regulations (Count III). The Court observes that the LIA and safety regulations do not create independent causes of action for personal injuries and that such claims are brought under FELA. See <u>Lilly v. Grand Trunk Western R. Co.</u>, 317 U.S. 481, 486 (1943) ("Any employee engaged in interstate commerce who is injured by reason of a violation of the Act may bring his action under [FELA], charging the violation of the Boiler Inspection Act").[1] In other words, plaintiff asserts violation of FELA under several theories.

A FELA plaintiff must prove that: (1) he was injured while working within the

---

[1] **The Boiler Inspection Act was the predecessor to the LIA.**

scope of his employment for the railroad, (2) his employment was in the furtherance of the railroad's interstate transportation business, (3) the defendant was negligent, and (4) such negligence played some part in causing the injury for which plaintiff seeks compensation. Van Gorder v. Grand Truck W. R.R., Inc., 509 F.3d 265, 269 (6th Cir. 2007), cert. denied, 555 U.S. 994 (2008); Sapp v. CSX Transp., Inc., 478 Fed.Appx. 961, 965 (6th Cir. 2012); Volner v. Union Pacific R. Co., 2013 WL 363486, *2 (10th Cir. 2013) (citing Van Gorder, 509 F.3d at 269); 45 U.S.C.A. § 51. The first two elements are uncontested (see doc. no. 26-1 at ¶¶ 1-4).

As to negligence, a railroad's violation of a safety statute or regulation constitutes "negligence per se." See McBride, 131 S.Ct. at 2643 n.12; Szekeres v. CSX Transportation, Inc., 617 F.3d 424, 427 (6th Cir. 2010); Coffes v. Northeast Ill. Regional Commuter Railway Corp., 479 F.3d 472, 477 (7th Cir. 2007) (the LIA "does not create a right to sue but merely establishes a safety standard, the failure to comply with that standard is negligence per se under the FELA"). The safety statutes impose an absolute duty on interstate railroads to provide safe equipment and allow employees to bring suit under FELA if a safety violation causes injury. Richards v. Consolidated Rail Corp., 330 F.3d 428, 433 fn.2 (6th Cir. 2003) (citing Urie v. Thompson, 337 U.S. 163 (1949) (explaining that the safety statutes should be read and applied together with FELA, and that such statutes dispense with the necessity of proving that their violation constitutes negligence under FELA).

Based on the testimony regarding the CSX investigation of the incident, plaintiff contends that CSX "admits that the engineer's seat . . . broke while plaintiff sat in it" (doc. no. 19 at 1). Plaintiff asserts that this is sufficient to

establish the defendant's violation of relevant safety regulations. Plaintiff does not premise his claim on the design of the seat, only its condition. Plaintiff points out that CSX generally had a duty to keep its locomotive and parts "in proper condition and safe to operate without unnecessary danger of personal injury." 49 U.S.C. § 20701(1). More specifically, plaintiff asserts that CSX was subject to regulations prohibiting "insecure attachment of components" (49 C.F.R. § 229.45) and requiring cab seats to be "securely mounted and braced" (49 C.F.R. § 229.119). Plaintiff contends he entitled to partial summary judgment based on the violation of these safety regulations (doc. no. 15 at 9-10).

Here, the undisputed evidence reflects that the seat back fell off while plaintiff was sitting in the chair (see doc. no. 15-4 at 2, Fromme Dep. indicating that the CSX investigation report reflected "engineer's seat bolts broken at pivot point for the backrest on both sides;" doc. no. 15-5 at 3, Hendon Dep. indicating that "two bolts" for the seatback had broken). Even assuming that the seat base was securely mounted to the locomotive, the evidence reflects that the seat back fell off when the bolts broke, and thus, the seat back was not securely "braced." See, e.g., CSX Transp., Inc. v. Miller, 46 So.3d 434 (Ala. 2010) (seat was loose and wobbly due to an erosion of the track mounting system, and thus, violated regulation requiring seats to be "securely mounted and braced"). CSX has offered no evidence to the contrary.

Additionally, 49 C.F.R. § 229.45 requires that "[a]ll systems and components on a locomotive shall be free of conditions that endanger the safety of the crew" including "insecure attachment of components" and "cracks, breaks, excessive

wear and other structural infirmities of components." Plaintiff has pointed to evidence, i.e. testimony confirming that the bolts for the seatback sheered-off and that the seatback fell off, thereby demonstrating violation of this safety regulation.

CSX opposes the motion for partial summary judgment as to "liability," but points to no evidence that would raise any genuine disputes of material fact regarding the defective condition of the engineer's seat. CSX acknowledges that a violation of federal safety regulations constitutes negligence per se, but argues that "a reasonable jury could conclude that plaintiff's own negligence -- in inspecting and/or adjusting the seat -- was the sole cause of plaintiff's injuries" (doc. no. 17 at 3). CSX correctly asserts that "if the employee's own negligence was the sole cause of the accident, then it is proper to conclude that employer negligence played no role in causing the injury" (doc. no. 17 at 6) (quoting Toth v. Grand Trunk Railroad Co., 306 F.3d 335, 351 (6th Cir. 2002)). CSX has redlined various proposed conclusions of law in plaintiff's proposed findings where plaintiff appears to overstate the relevant law (doc. no. 26-1 at ¶¶ 11, 22-25), but has not pointed to any evidence suggesting any genuine disputes of material fact.

Plaintiff points out that CSX has offered no evidence that plaintiff did anything wrong. Based on the evidence of record, it is undisputed that the plaintiff briefly inspected the chair, that any defects in the seat bolts were not visible, and that the seatback subsequently fell off while he was sitting in the chair. While a plaintiff's FELA claim will fail if the plaintiff's own negligence was the sole cause of his injuries (and therefore, the defendant's negligence could not have played "any part"), CSX has not pointed to any evidence suggesting that plaintiff was

negligent in any respect. Plaintiff testified that he inspected the chair before he sat in it and attempted to adjust the seatback. CSX has not pointed to any evidence suggesting that plaintiff improperly "adjusted" the seat.

With respect to plaintiff's request for partial summary judgment as to "liability," CSX correctly asserts that the "mere occurrence of an accident is insufficient to render an employer liable under the FELA." CSX points out that plaintiff must also prove that the railroad's violation of the regulations was causally related to plaintiff's injuries (doc. no. 17 at 4). Under FELA, a railroad company is liable in damages to an employee who suffers injury during the course of employment when such injury results "in whole or in part" from the railroad's negligence. 45 U.S.C. § 51, et seq.; <u>Rogers v. Missouri Pacific Railroad Co.</u>, 352 U.S. 500, 506 (1957) ("Under this statute the test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought"); <u>CSX Transp., Inc. v. McBride</u>, 131 S.Ct. 2630, 2641 (2011) (reaffirming same analysis); <u>Daughenbaugh v. Bethlehem Steel Corp.</u>, 891 F.2d 1199, 1204 (6th Cir. 1989) (same); <u>Szekeres</u>, 617 F.3d at 429 (reversing summary judgment on FELA claim based on violation of LIA and safety regulations, and observing that "the issue of causation generally should be submitted to a jury").

CSX asserts that plaintiff is not entitled to summary judgment as to causation and that there are genuine disputes of material fact as to whether the breaking of the engineer's seat caused "in whole or in part" the plaintiff's alleged injuries. In other words, the issue of causation remains to be proven. Plaintiff

acknowledges this (doc. no. 15 at 15 "the only issues that will remain for trial are causation and the nature, extent, and duration of the injuries and damages sustained by Plaintiff").

In conclusion, plaintiff has pointed to evidence supporting his contention that the broken bolts that resulted in the seat back falling off were a violation of federal safety regulations. CSX has not pointed to any evidence to the contrary. Absent any genuine disputes of material fact on this issue, plaintiff' is entitled to partial summary judgment on the element of negligence per se for violation of 49 C.F.R. §§ 229.45 and 119. As to causation, this is a triable issue for the jury. Plaintiff acknowledges this in his brief and has not moved for summary judgment on the issue of causation.

Accordingly, the plaintiff's "Motion for Partial Summary Judgment" (doc. no. 15) is <u>granted</u> as to the issue of "negligence per se" for violation of safety regulations; this case shall proceed as scheduled.

IT IS SO ORDERED.

s/Herman J. Weber
Herman J. Weber, Senior Judge
United States District Court